# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA CARNEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. EDCV 09-1984-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

## PROCEEDINGS

On November 5, 2009, Tina Carney ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Period of Disability and Disability Insurance benefits.  The Commissioner filed an Answer on May 7, 2010.  On July 9, 2010, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and the case remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

**BACKGROUND**

Plaintiff is a 39 year old female who was found to have the medically determinable severe impairments of chronic fatigue syndrome/fibromyalgia, possible multiple sclerosis, and situational depression.  (AR 10.)  Plaintiff has not engaged in substantial gainful activity since April 24, 2006, the alleged onset date.  (AR 10.)

Plaintiff's claim was denied initially on May 27, 2007, and on reconsideration on December 26, 2007.  (AR 8.)  She filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr., on March 4, 2009, in San Bernardino, California.  (AR 8-16 .)  Claimant appeared and testified.  (AR 8.)  Medical expert Samuel Landau and vocational expert Corinne J. Porter also appeared and testified.  (AR 8.)

The ALJ issued an unfavorable decision on July 27, 2009.  (AR 8-16.)  Plaintiff filed a Request for Review of the Hearing Decision, and the Appeals Council denied review on October 6, 2009.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff raises as grounds for reversal are as follows:

1.  Whether the ALJ properly held that Plaintiff could perform the jobs of charge account clerk and pari-mutuel ticket checker.

2.  Whether the ALJ properly considered the lay witness testimony.

3.  Whether the ALJ properly considered the treating physician's opinion.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations.  Id.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's RFC.  20 C.F.R. § 416.920(e).

The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

**THE ALJ'S DECISION**

The ALJ determined at step three of the sequential process that none of Plaintiff's physical and mental impairments met or equaled a listing.  (AR 10-11.)  In assessing Plaintiff's RFC, the ALJ found that Plaintiff could perform sedentary unskilled work (AR 16), but with certain limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to stand/walk for 1-2 hours in an 8 hour workday, sit for 6-7 hours in an 8 hour workday, and lift and carry 10 pounds.  She cannot stoop or bend.  She cannot climb stairs or ladders.  She cannot work at heights or balance.  She would miss work 1-2 times a month.  She must be able to lie down during her lunch break.

1         She can perform single repetitive tasks with no intense interaction with

2         others.

3   (AR 11, 12.)

4         Based on the above RFC, the ALJ determined at step four of the sequential inquiry

5   that Plaintiff could not perform her past relevant work as a housecleaner, custodial helper

6   and bus driver.  (AR 15.)  The ALJ, however, found that Plaintiff could perform other jobs in

7   the national economy such as charge account clerk and pari-mutuel ticket checker.  (AR 16.)

8   Consequently, the ALJ found that Plaintiff was not disabled within the meaning of the Social

9   Security Act.  (AR 16.)

10                       **DISCUSSION**

11   **I.    THE ALJ FAILED TO MEET THE
       COMMISSIONER'S STEP FIVE BURDEN**

12

13         Plaintiff asserts that the jobs specified by vocational expert ("VE") Corinne Porter are

14   inconsistent with Plaintiff's assessed RFC limitations.  Plaintiff is correct.  The ALJ's RFC

15   imposed the following restrictions on Plaintiff:  "She can perform simple repetitive tasks with

16   no intense interaction with others."  (AR 11.)  The jobs specified by the VE, charge account

17   clerk and pari-mutuel ticket checker, are inconsistent with those limitations.  The ALJ failed to

18   meet the Commissioner's step five burden to prove that Plaintiff can perform other jobs in the

19   national economy.

20         **A.    Plaintiff's RFC Limitations**

21         The ALJ's RFC limitations are based on the medical evidence of record.  Plaintiff

22   repeatedly was determined to be "below average to low average intellectual ability" (AR 210,

23   215, 284), an assessment acknowledged by the ALJ.  (AR 11.)  Dr. Skopec diagnosed her

24   mental impairment as mental retardation.  (AR 212, 215.)  Dr. Thakker observed that she has

25   "episodes of she gets confused."  (AR 248.)  Plaintiff testified that she had to stop her job as

26   school driver because "I was getting lost while I was driving . . .  Getting lost, even though I

27   had a route sheet with me."  (AR 22.)     A state reviewing physician observed that Plaintiff

28

"forgets to pay bills, sometimes forgets instructions."  (AR 285.)  She needs the help of her husband to manage her funds.  (AR 11.)

Additionally, Plaintiff suffers from chronic fatigue syndrome/fibromyalgia and possible multiple sclerosis.  (AR 10.)  An MRI revealed a brain lesion.  (AR 281.)  Plaintiff is also taking numerous medications for her physical impairments, depression and pain.  (AR 161.)

## B.  The ALJ's Step Five Burden

Typically, the best source of how a job is generally performed in the national economy is the Dictionary of Occupational Titles ("DICOT").  Pinto, 249 F.3d at 845.  An ALJ may accept vocational expert testimony that varies from the DICOT, but the record must contain "persuasive evidence to support the deviation."  Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007), citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  The ALJ has an affirmative responsibility to ask whether a conflict exists between the VE's testimony and DICOT.  SSR 00-4p; Massachi, 486 F.3d at 1153.  If there is a conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or DICOT.  Id., Massachi, 486 F.3d at 1153.  Failure to do so, however, can be harmless error where there is no conflict or the VE provides sufficient support to justify a variation from DICOT.  Id. at 1154 n.9

In this case, the ALJ specifically asked the VE if her testimony was consistent with DICOT and the VE answered, "Yes, it is."  (AR 37.)  The two jobs specified by the VE, however, plainly are inconsistent with Plaintiff's RFC limitations.  No explanation for the deviation from DICOT is provided.  Persuasive evidence for the deviation is wholly lacking.

## C.  The VE's Testimony Deviates From DICOT Job Information

The VE opined that Plaintiff could perform "sedentary, SVP 2 skilled level jobs," including the jobs of charge account clerk and ticket checker.  (AR 37.)  The VE provided no other facts or analysis of the two jobs specified, particularly the mental or intellectual capacity required for those jobs.  The ALJ in his decision repeated the VE's comment that Plaintiff could perform sedentary SVP 2 jobs.  (AR 16.)  SVP, however, is the specific vocational

preparation needed for a job.  DICOT App. C, 1991 WL 688702 (G.P.O.)  The SVP level does not address whether a job entails only simple, repetitive tasks.  Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005).

A job's simplicity level is more squarely addressed by GED reasoning level ratings. Id.; see DICOT App. C setting forth General Educational Development ("GED") reasoning levels.  The one vocational consideration "directly on point" with a limitation to simple repetitive tasks in an RFC is a job's reasoning level score.  Id.  Indeed, although the Ninth Circuit has not addressed the issue yet, numerous district courts in this Circuit have held that a limitation to simple, repetitive tasks is consistent with GED Reasoning Level Two. Bagshaw v. Astrue, 2010 WL 256544, *6 (C.D. Cal. 2010); Etter v. Astrue, 2010 WL 4314415, *4 (C.D. Cal. 2010); Pak v. Astrue, 2009 WL 2151361, *7 (C.D. Cal. 2009); Tudino v. Barnhart, 2008 WL 4161443, *10-*11 (S.D. Cal. 2008); Torres v. Astrue, 2010 WL 2555847, *7-*9 (E.D. Cal. 2010).  GED Reasoning Level 2 means, "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations."  DICOT App. C, 1991 WL 688702 (G.P.O.).  Neither the VE nor the ALJ addressed GED reasoning levels, either for the specified jobs or at all.

Both of the jobs specified by the VE are Reasoning Level 3 jobs and otherwise plainly unsuitable for Plaintiff.  The charge account clerk, DICOT 205.367-014, 1991 WL 671715 (G.P.O.) contains this job description:

Interviews customers applying for charge accounts:  Confers with customers to explain type of charge plans available.  Assists customer in filling out application or completes application for customer.  Reviews applications received by mail.  Files credit applications after credit department approves or disapproves credit.  May check references by phone or form letter and notify customer of acceptance or rejection of credit [CREDIT CLERK (clerical)].  May verify entries and correct errors

1        on charge accounts [CUSTOMER-COMPLAINT CLERK (clerical)], using

2        adding machine.  May answer credit rating requests from banks and

3        credit bureaus.  May issue temporary shopping slip when credit

4        references appear satisfactory.

5  These job requirements are of a considerable higher order than Claimant's past work and

6  exceed her mental capacity.

7        More to the point, the DICOT charge account clerk job classification specifies a

8  Reasoning Level of 3.  That means:  "Apply commonsense understanding to carry out

9  instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving

10  several concrete variables in or from standardized situations."  Id.  The DICOT job

11  requirements also include a math level of 2 that include computations of decimal fractions

12  and percentages, and preparation of bar graphs.  The Claimant would have to write reports

13  and speak before audiences.  These job requirements plainly exceed Claimant's past

14  relevant work and her Reasoning Level 2 mental capacity.

15        The pari-mutuel ticket checker is even more unsuitable.  The DICOT job description is

16  as follows:

17        Counts and records number of parimutuel tickets cashed at race track to

18        verify records of cashiers.  Compares totals with entries on daily balance

19        sheet.  Compares each ticket with samples or examines tickets under

20        fluorescent light to verify validity of tickets.  Reports discrepancies.

21  DICOT 219.587-010, 1991 WL 671989 (G.P.O.)  Again, the GED reasoning level is 3.  The

22  math level is also 3, requiring algebra and geometry.  Id.  Again, these job requirements are

23  of a considerably higher order than her past work and exceed her mental capacity.

24        District Court authorities in this Circuit have held that a limitation to simple, repetitive

25  instructions is inconsistent with Reasoning Level 3 jobs.  Bagshaw, Etter, Pak, Tudino,

26  Torrez, supra.  Thus, absent persuasive evidence to justify a variation from DICOT, the ALJ's

27

28

limitation to simple, repetitive tasks would mean that Plaintiff could not perform the two jobs specified by the VE.

The Commissioner implicitly concedes that the VE's testimony deviates from DICOT job requirements.  Claimant's primary argument is that the two jobs specified by the VE are Reasoning Level 3 jobs, but also involve intense public interaction, and both are inconsistent with Plaintiff's RFC.  The Commissioner argues that Plaintiff's RFC limitations are consistent with the public interaction required for the two specified jobs.  The Commissioner, however, never directly addresses the required reasoning levels or disputes that the two jobs required a Reasoning Level of 3 or reasoning levels inconsistent with a RFC limitation to "simple, repetitive tasks."

The VE's testimony is plainly inconsistent with DICOT.

**D.     The VE And ALJ Provide No Explanation Or Persuasive Evidence To Justify The VE's Deviation From DICOT**

The VE incorrectly testified that her testimony is consistent with DICOT job requirements.  (AR 37.)  As a result, neither the VE nor the ALJ offered any explanation for the obvious inconsistency or presented "persuasive evidence" to justify the deviation from DICOT.  The Commissioner attempts to fill that evidentiary void by arguing that persuasive evidence in fact does exist to justify the deviations.  The Commissioner's argument, however, cannot be considered here.  Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (court cannot base its ruling on considerations not addressed in ALJ decision).

The Commissioner's argument fails in any event.  The Commissioner contends that Plaintiff's limitations would not prevent her from performing more skilled work, noting that Dr. Skopec found Plaintiff's mental impairments were not severe (AR 35) and she suffered only mild or moderate difficulties in functioning.  (AR 11, 14, 210-11.)  This same Dr. Skopec indicated Plaintiff had below average to low average intellectual capacity and was retarded. With full awareness of Dr. Skopec's opinions, the ALJ imposed a limitation to "simple repetitive tasks."  The Commissioner cites no authority that the ALJ's assessed RFC limitation can be disregarded and never discusses the authority in this Circuit establishing

1  that a limitation to "simple, repetitive tasks" precludes Reasoning Level 3 jobs.  Nor does the

2  Commissioner analyze the DICOT job classifications for the two jobs specified by the VE.

3  The Commissioner's argument is perfunctory, nonresponsive and contrary to law, and is

4  neither a reasonable explanation for the deviation nor "persuasive."

5       The ALJ did not meet the Commissioner's step five burden to demonstrate that

6  Plaintiff can perform other jobs in the national economy.  The Court sees no need to address

7  at this time the other issues raised by Plaintiff as grounds for reversal.

8                                             **ORDER**

9       IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

10  reversed and remanded for further proceedings consistent with law and this Memorandum

11  Opinion and Order.

12       LET JUDGMENT BE ENTERED ACCORDINGLY.

13

14  DATED: December 6, 2010                          */s/ John E. McDermott*

15                                                 JOHN E. MCDERMOTT
                                                   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28